**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PHARMANET DEVELOPMENT GROUP, INC. and PHARMANET, LLC, | |
| Plaintiffs, | |
| | Civil Action No. 08-2965 (GEB) |
| v. | |
| | **ORDER** |
| DATASCI LIMITED LIABILITY COMPANY, | |
| Defendant. | |

**BROWN, Chief Judge**

This matter having come before the Court upon Defendant DataSci Limited Liability Company's (hereinafter "Defendant") Motion to Certify Appeal from the Court's February 17, 2009 Opinion and Order denying Defendant's Motion to Dismiss for lack of personal and subject matter jurisdiction or, in the alternative, to transfer the case to the District of Maryland; and further this matter having come before the Court upon Defendant's Motion for Leave to File Supplement in Further Support of Motion to Certify Appeal; and having considered the parties' submissions and decided the motions without oral argument pursuant to Civil Rule of Procedure 78; and

IT APPEARING THAT:

1. The Court concludes that no further information is necessary pursuant to the standard of law set forth herein to determine the Motion to Certify Appeal, and therefore, the Court denies Defendant's Motion for Leave to File Supplement the Motion to Certify Appeal.

1

2. Interlocutory appeals from the district courts to the courts of appeal are governed by 28 U.S.C. § 1292(b).

3. Leave to file an interlocutory appeal may be granted when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974).

4. Any appeal under 28 U.S.C. § 1292(b) represents a "deviation from the ordinary policy of avoiding 'piecemeal appellate review of trial court decisions which do not terminate the litigation.'" *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982)). Leave to appeal may be denied for reasons unrelated to the specified criteria, such as the appellate docket or the desire to have a full record before considering the disputed legal issue. *See Katz*, 496 F.2d at 754. Finally, an appellant must establish "that exceptional circumstances justify a departure from the basic policy of postponing the review until after the entry of final judgment." *Bowie Produce Co. v. Magic Am. Café (In re Magic Restaurants)*, 202 B.R. 24, 26 (D. Del. 1996) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

5. For the first criteria set forth in 28 U.S.C. § 1292(b), a question of law is controlling if its incorrect disposition is one that would require reversal of the final judgment. *See Kapossy*, 942 F. Supp. at 1001 (citing *Katz*, 496 F.2d at 755). A motion to file an interlocutory appeal may be denied if the moving party merely questions the correctness of a court's ruling. See *Kapossy*, 942 F. Supp. at 1001 (citing *United States v. Grand Trunk W.R. Co.*, 95 F.R.D. 463, 471 (W.D. Mich.

1981)).

6.  The Court concludes that the thrust of Defendant's arguments merely espouses disagreement with the Court's ruling regarding jurisdiction. (*See* Docket Entry No. 22-2 at 8, 19.) To support its arguments that the Order denying the motion to dismiss for lack of jurisdiction constitutes a controlling issue of law, Defendant simply cites case law supporting the proposition that incorrectly denying a motion to dismiss for lack of jurisdiction would constitute reversible error. (*Id.*) Yet the "key consideration" in deciding whether an order is appealable as an interlocutory order is whether "it truly implicates the policies favoring interlocutory appeal. The determination of what orders are properly reviewable under § 1292(b) must be made by a practical application of those policies." *Katz*, 496 F.2d at 756. As Defendants point out, avoiding needless trials, is a relevant factor in the appealability calculus. *Id.* However, interlocutory appeals are the exception, not the rule. The Supreme Court has "repeatedly stressed that the 'narrow' exception" that would permit an interlocutory appeal "should stay that way and never be allowed to swallow the general rule, that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Digital Equip. Corp. v. Desktop Direct*, 511 U.S. 863, 868 (1994) (citations omitted). Further, since the Third Circuit's ruling in *Katz*, both the Third Circuit and the Supreme Court have noted that "denying a motion to dismiss for lack of personal jurisdiction is not an immediately appealable collateral order because the defendant's 'right not to be subject to a binding judgment may be effectively vindicated following final judgment.'" *Carteret Sav. Bank, FA v. Shushan*, 919 F.2d 225, 230 (3d Cir. N.J. 1990) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 527 (1988)).

7.  The second criteria requires substantial grounds for difference of opinion as to the

correctness of the District Court's legal determination. *See Katz*, 496 F.2d at 754. Mere disagreement with the court's determination does not create a "substantial grounds for difference of opinion." *See Kapossy*, 942 F. Supp. at 1001. The grounds for a difference of opinion must arise out of genuine doubt as to the correct legal standard. *See id.* Issues of fact are not an appropriate basis for an interlocutory appeal. *See Christy v. Penn. Tpk. Comm.*, 912 F. Supp. 148 (E.D. Pa. 1996).

Defendant fails to meet this prong, as its Motion objects not to the legal standard the Court put forth, but rather to the way in which the Court applied this relevant facts to that standard. Defendant, for example, questions the Court's finding that its contacts with New Jersey were "continuous and systematic." (Docket Entry No. 22-2 at 11-12.) Regarding subject matter jurisdiction, Defendant questions, for example, whether Plaintiffs sufficiently demonstrated that they had a reasonable apprehension of harm, thereby creating a case or controversy justifying subject matter jurisdiction. (*Id.* at 22-25.) Defendant also questions the Court's judgment in choosing which prior case is most factually similar to the instant case. (*Id.* at 25-28.) Such fact-based questions are not appropriate for interlocutory appeal.

8. Finally, the moving party must demonstrate that a resolution of the matter would materially advance the ultimate termination of the litigation. *See Kapossy*, 942 F. Supp. at 1001. Defendant argues that if the Court certifies the appeal, and it is found that the Court lacks jurisdiction, this case would then be dismissed. (Docket Entry No. 22-2 at 18, 31.) Defendant argues that this demonstrates that certifying appeal would materially advance the ultimate termination of the litigation. Plaintiff asserts in response that, rather than advance the litigation, certifying appeal would materially delay this case while it waits to be heard in the Federal Circuit. (Docket Entry No. 24 at 18.) The Court concludes that it is ultimately unclear whether certifying

appeal would materially advance the litigation, especially if the Court were to stay proceedings as Defendant requests. (Docket Entry No. 22 at 32.) Defendant as the moving party must demonstrate that certifying appeal would materially advance the termination of the litigation. Defendant has failed to carried its burden.

9. Because the motion for certification is denied, the issue of whether the Court should stay further proceedings need not be addressed.

THEREFORE, IT IS ON THIS 17th day of July, 2009;

ORDERED that Defendant's Motion for Leave to File Supplement in Further Support of Motion to Certify Appeal is DENIED (Docket Entry No. 29); and it is further

ORDERED that Defendant's Motion to Certify Appeal (Docket Entry No. 22-2) is DENIED.

     s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.